GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation
DANIEL M. LINCHEY, ESQ. CA Bar #111739
ANN E. SOTER, ESQ. CA Bar #229838
44 Montgomery Street, Suite 2900
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Plaintiff
E. Lynn Schoenmann, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 06-30387-TEC |
| MARIA O. SEGOVIA, | Under Chapter 7 |
| Debtor. | |
| E. LYNN SCHOENMANN, TRUSTEE | A.P. No. |
| Plaintiff, | |
| vs. | |
| BACH CONSTRUCTION, INC., VICTOR A. SEGOVIA, an individual, and WELLS FARGO BANK, N.A. | |
| Defendants. | |

**COMPLAINT FOR AVOIDANCE OF PREFERENTIAL TRANSFERS**

Plaintiff E. Lynn Schoenmann, as trustee (the "Plaintiff"), of the chapter 7 bankruptcy estate of Maria O. Segovia, the debtor herein (the "Debtor"), hereby complains of defendants Bach Construction, Inc. ("Bach"), Victor A. Segovia ("Victor Segovia") and Wells Fargo Bank, N.A. ("Wells Fargo") (hereinafter, collectively referred to as "Defendants") as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section

1334. This adversary proceeding relates to the chapter 7 estate of Maria O. Segovia, Case No. 06-30387-TEC, now pending in the United States Bankruptcy Court for the Northern District of California, San Francisco Division.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A) and (F).

3. Venue is proper pursuant to 28 U.S.C. Section 1409.

## GENERAL ALLEGATIONS

4. On May 17, 2006 the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. Shortly thereafter, the Plaintiff was appointed as the trustee of the Debtor's chapter 7 estate and continues to serve in that capacity at the present time.

5. On May 17, 2006, Patricia E. Segovia, the Debtor's sister, filed a voluntary petition for relief under chapter 7 thereby commencing case number 06-30388-TC. Janina Elder is the duly appointed trustee to administer that estate. Also, on May 17, 2006, M. Olga Segovia, the Debtor's mother, filed a voluntary petition for relief under chapter 7 thereby commencing case number 06-30389 – TEC. Janina Elder is the duly appointed Trustee to administer that estate.

6. The Plaintiff filed a notice of notice of related cases on July 20, 2006.

7. Among the assets of each of the above-referenced estates was the real property commonly known as 320-322 Maple Street, San Francisco, California 94118-1822 (the "Real Property"). The Debtor's estate owned a 50% tenancy-in-common interest in the Real Property. The estate of Debtor, Patricia E. Segovia owned a 16% tenancy-in-common interest in the Real Property. The estate of Debtor, M. Olga Segovia, owned a 34% tenancy–in-common interest in the Real Property.

8. The liens in dispute against the Real Property were as follows in order of attachment: (a) an Attorney's Lien, recorded on December 16, 2005, in the amount of $726,000.00 with interest at 10% per annum, with Victor A. Segovia, Esq. as claimant (the "Victor Segovia Lien"); (b) an abstract of judgment, recorded on March 8, 2006 in the principal amount of $526,265.48, held by Bach Construction, Inc. as creditor, Maria O. Segovia, Patricia Segovia and M. Olga Segovia as debtors (the "Bach Lien"); and (c) a deed of trust recorded on March 27, 2006, in the principal amount

$250,000.00, in favor of Wells Fargo Bank (the "Wells Fargo Lien").

9. The Court has entered orders in each of the Debtors' chapter 7 cases approving the sale of the Real Property free and clear of the Victor Segovia Lien, the Bach Lien and the Wells Fargo Lien with those liens attaching to the net proceeds of sale to the same nature, extent, validity and priority as they held with respect to the Real Property. (Hereinafter, those liens may be collectively referred to as the "Liens".) On November 9, 2006, Plaintiff and Trustee Elder closed escrow on sale of the Real Property pursuant to the foregoing orders and Plaintiff received net proceeds therefrom of $469,489.75.

**FIRST CLAIM FOR RELIEF**
(Avoidance of Preferential Transfer - Victor Segovia Lien)
(11 U.S.C. §§ 547(b) and 551)

10. The Plaintiff hereby incorporates and realleges in this First Claim For Relief each and every allegation set forth in paragraphs 1 through 9, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth in this First Claim For Relief.

11. Plaintiff is informed and believes, and based thereon alleges, that defendant Victor Segovia is the Debtor's brother. Therefore, defendant Victor Segovia is an insider of the Debtor pursuant to 11 U.S.C. § 101(31)(A)(ii).

12. On or about November 23, 2003, the Debtors retained Victor Segovia to represent them with regard to the litigation with defendant Bach involving the remodel of the Real Property. The Debtor also testified as such at the meeting of creditors held in this case. The Trustee is informed and believes and based thereon alleges that the perfection of the Victor Segovia Lien arose from the recording of the Attorney's Lien on December 16, 2005 to secure attorney's fees allegedly owed to defendant Victor Segovia arising from the litigation with defendant Bach.

13. The perfection of the Victor Segovia Lien was a transfer of an interest of the Debtor in property pursuant to 11 U.S.C. §101(54).

14. The perfection of the Victor Segovia Lien was a transfer to or for the benefit of defendant Victor Segovia as a creditor of the Debtor.

15. The perfection of the Victor Segovia Lien was for or on account of an antecedent debt allegedly owed by the Debtor before the transfer was made.

16. The perfection of the Victor Segovia Lien was made while the Debtor was insolvent.

17. The perfection of the Victor Segovia Lien was made between ninety days and one year before the Petition Date.

18. The perfection of the Victor Segovia Lien enabled defendant Victor Segovia to receive more than he would have received if the Victor Segovia Lien had not been perfected, the case were a case under chapter 7 of the Bankruptcy Code, and defendant Victor Segovia had received payment of the debt owed to him to the extent provided by the provisions of the Bankruptcy Code. Defendant Victor Segovia's unperfected attorney's lien would have been avoidable by the Trustee pursuant to 11 U.S.C. § 544(a)(3) as regards the Real Property.

19. The Plaintiff may avoid the Victor Segovia Lien pursuant to 11 U.S.C. § 547 and preserve that lien for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

WHEREFORE, the Plaintiff prays for the relief set forth below.

### SECOND CLAIM FOR RELIEF
(Avoidance of Preferential Transfer – Bach Lien)
(11 U.S.C. §§ 547(b) and 551)

20. The Plaintiff hereby incorporates and realleges in this Second Claim For Relief each and every allegation set forth in paragraphs 1 through 9, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth in this Second Claim For Relief.

21. The Trustee is informed and believes that the Bach Lien secures a judgment entered after a jury trial, in favor of Bach against the Debtors, in or around October, 2005. The Abstract of Judgment was recorded on March 8, 2006 and the Bach Lien was created on that date as a lien against the Real Property.

22. The Bach Lien was a transfer of an interest of the Debtor in property pursuant to 11 U.S.C. §101(54).

23. The Bach Lien was a transfer to or for the benefit of defendant Bach as a creditor of the Debtor.

24. The Bach Lien arose for or on account of an antecedent debt owed by the Debtor before the transfer was made.

25. The Bach Lien arose while the Debtor was insolvent.

Case: 06-03180    Doc# 1    Filed: 12/01/06    Entered: 12/01/06 09:25:12    Page 4 of 6

26. The Bach Lien arose within 90 days before the Petition Date.

27. The Bach Lien enabled defendant Bach to receive more than it would have received if the Bach Lien had not been created, the case were a case under chapter 7 of the Bankruptcy Code, and defendant Bach had received payment of the debt owed to it to the extent provided by the provisions of the Bankruptcy Code.

28. The Plaintiff may avoid the Bach Lien pursuant to 11 U.S.C. § 547 and preserve that lien for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

WHEREFORE, the Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
(Avoidance of Preferential Transfer – Wells Fargo Lien)
(11 U.S.C. §§ 547(b) and 551)

29. The Plaintiff hereby incorporates and realleges in this Third Claim For Relief each and every allegation set forth in paragraphs 1 through 9, inclusive, of this Complaint, as if each of those allegations were fully restated and set forth in this Third Claim For Relief.

30. The Trustee is informed and believes that the Wells Fargo Lien arose from a transfer which occurred on or before February 18, 2006. That transfer was perfected by recordation of the deed of trust on March 27, 2006.

31. The Wells Fargo Lien was a transfer of an interest of the Debtor in property pursuant to 11 U.S.C. §101(54)(A).

32. The Wells Fargo Lien was a transfer to or for the benefit of defendant Wells Fargo as a creditor of the Debtor.

33. The Wells Fargo Lien arose for or on account of an antecedent debt owed by the Debtor before the transfer was made.

34. The Wells Fargo Lien arose while the Debtor was insolvent.

35. The Wells Fargo Lien arose within 90 days before the Petition Date.

36. The Wells Fargo Lien enabled defendant Wells Fargo to receive more than it would have received if the Wells Fargo Lien had not been created, the case were a case under chapter 7 of the Bankruptcy Code, and defendant Wells Fargo had received payment of the debt owed to it to the extent provided by the provisions of the Bankruptcy Code.

37. The Plaintiff may avoid the Wells Fargo Lien pursuant to 11 U.S.C. § 547 and preserve that lien for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

WHEREFORE, the Plaintiff prays for the relief set forth below.

## REQUEST FOR RELIEF

Based upon all of the foregoing, the Plaintiff requests the following relief as follows:

1. On the First Claim For Relief, for a judgment in favor of Plaintiff and against defendant Segovia avoiding the Victor Segovia Lien under 11 U.S.C. §547(b) and preserving the value that lien for the benefit of the Debtor's estate.

2. On the Second Claim For Relief, for a judgment in favor of Plaintiff and against the defendant Bach avoiding the Bach Lien under 11 U.S.C. §547(b) and preserving the value of that lien for the benefit of the Debtor's estate.

3. On the Third Claim for Relief, for a judgment in favor of Plaintiff and against defendant Wells Fargo Bank, avoiding the Wells Fargo Lien under 11 U.S.C. §547(b) and preserving the value of that lien for the benefit of the Debtor's estate.

4. For Plaintiff's costs of suit herein.

5. For such other and further relief as the Court may deem proper.

DATED: December 1, 2006

GOLDBERG, STINNETT, MEYERS & DAVIS
A Professional Corporation

By:    /s/ Daniel M. Linchey
Attorneys for Plaintiff
E. Lynn Schoenmann, Trustee